UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BELVA COMINS,

                                                  Plaintiff,

                                                  v.                                      5:05-CV-556
                                                                                     (FJS/GHL)

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

                                                Defendant.
_____

**APPEARANCES**                                    **OF COUNSEL**

**OLINSKY & SHURTLIFF LLP**            **JAYA SHURTLIFF, ESQ.**
300 South State Street, 5th Floor
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **ARTHUR SWERDLOFF, ESQ.**
**OFFICE OF REGIONAL GENERAL**
**COUNSEL - REGION II**
26 Federal Plaza - Room 3904
New York, New York 10278
Attorneys for Defendant

**OFFICE OF THE UNITED**               **WILLIAM H. PEASE, AUSA**
**STATES ATTORNEY**
James Hanley Federal Building and
U.S. Courthouse
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198
Attorneys for Defendant

**SCULLIN, Senior Judge**

**ORDER**

In a Report and Recommendation dated February 20, 2008, Magistrate Judge Lowe recommended that this Court affirm the Commissioner's decision and dismiss the Complaint. *See* Dkt. No. 11.  Plaintiff filed objections to those recommendations.  *See* Dkt. No. 12.[1]

Plaintiff's objections concern Magistrate Judge Lowe's finding that the Administrative Law Judge ("ALJ") had fulfilled the duty that he owed to Plaintiff as a *pro se* claimant to develop the record fully with regard to the medical evidence, particularly from Plaintiff's treating physician.[2]  In the Second Circuit, an ALJ has an affirmative duty to develop a complete medical record before making a disability determination.  *See Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) (citations omitted).  Where a claimant is appearing *pro se*, the ALJ must """scrupulously and conscientiously . . . probe into, inquire of, and explore for all the relevant facts."""  *Cutler v. Weinberger*, 516 F.2d 1281, 1286 (2d Cir. 1975) (quotation and other citations omitted) (finding

---

[1] Plaintiff also incorporates by reference the issues and arguments that she raised in her memorandum of law in opposition to Defendant's motion for summary judgment.  The Court notes, however, that incorporation by reference of prior arguments presented to a magistrate judge are not specific objections that trigger *de novo* review.  *See Farid v. Bouey*, 554 F. Supp. 2d 301, 306 n.2 (N.D.N.Y. 2008) (citation omitted).

[2] Plaintiff also argues that the ALJ's and Magistrate Judge Lowe's findings with respect to Plaintiff's mental residual functionality are not sufficient to meet the mental demands of unskilled work.  *Compare* Dkt. No. 11 at 7 ("In this case, the ALJ found, based on the medical records pertinent to her psychological impairments, that Plaintiff could perform simple routine work in a structured environment without significant public contact.  (T. at 20.)  However, the ALJ stated that Plaintiff did not have severe limits in attention, concentration, and task persistence. (T. at 19.)"), *with* S.S.R. 85-15 ("The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting.").  The Court finds that, accepting the residual functionality capacity findings, the ALJ's finding regarding Plaintiff's residual functional capacity meets all of the basic mental demands under S.S.R. 85-15.  Accordingly, the Court finds that this objection is without merit.

investigation inadequate where medical records were illegible and claimant's claims were corroborated); *see also Peed v. Sullivan*, 778 F. Supp. 1241, 1246 (E.D.N.Y. 1991) (finding that the treating physician rule and the duty to develop a record for a *pro se* claimant "compel[] the ALJ to move beyond pro forma compliance with the treating physician rule and to obtain from the treating source expert opinions as to the nature and severity of the claimed disability"); *cf.* 20 C.F.R. § 404.1513(b)(6) ("Although we will request a medical source statement about what you can still do despite your impairment(s), the lack of the medical source statement will not make the report incomplete." (citation omitted)); *and* 20 C.F.R. § 416.913(b)(6) (same). However, the duty to develop the record exists only where there are apparent gaps in the record. *See Haug v. Apfel*, No. 99 CIV. 443, 2000 WL 178212, *6 (S.D.N.Y. Feb. 16, 2000) (noting that the record contained all records available from the physicians). This requirement assures that the ALJ meets the goal of holding a comprehensive hearing under the Secretary's regulations and in accordance with the purposes of the Act. *See id.*

In this case, the ALJ reviewed the medical opinions of the following people with respect to Plaintiff's mental impairments: Dr. Ragab, Plaintiff's primary care physician; Dr. Barry, state consultive examiner; Y. Sienko, disability analyst; John Anderson, clinical social worker; and Drs. Noia and Spearman, state consultative examiners. Defendant also notes that the ALJ had a GAF analysis from Dr. Patil, whom Plaintiff claims the ALJ should have contacted. *See* A.R. at 303. The Court finds that the ALJ met his heightened duty to complete the record. In reaching his decision, the ALJ had a complete record, including opinions from Plaintiff's primary care physician who expressed an opinion based on Plaintiff's anxiety and depression as well as a record, if not opinion, on functionality from Dr. Patil. Therefore, the Court agrees with

Magistrate Judge Lowe's finding that there was substantial evidence in the record to support the ALJ's determination and that the ALJ did not breach his duty to Plaintiff by failing to secure an opinion from Dr. Patil because there were no deficiencies in the record.

Accordingly, after carefully considering Magistrate Judge Lowe's Report and Recommendation, Plaintiff's objections thereto, as well as the applicable law, and for the reasons stated herein and in Magistrate Judge Lowe's Report and Recommendation, the Court hereby

**ORDERS** that Magistrate Judge Lowe's February 20, 2008 Report and Recommendation is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED** and Plaintiff's Complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment for Defendant and close this case.

**IT IS SO ORDERED.**

Dated: March 26, 2009
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge